IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD ANDRE JACOBS,<br>#35074-177,<br>　　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:24-cv-2743-L<br>(No. 3:17-cr-305-L-1) |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Donald Andre Jacobs' ("Movant") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2), filed October 29, 2024. On February 27, 2025, Movant filed a Motion to Expedite Ruling (Doc. 7). Upon careful review of the relevant pleadings, the record, and the applicable law, the § 2255 Motion is summarily **dismissed with prejudice** as time barred, and the Motion to Expedite is **denied as moot**.

**I.　BACKGROUND**

Movant pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 14, 2019, the court sentenced him to 114 months' imprisonment, declining to apply the enhanced-penalty provision of the Armed Career Criminal Act ("ACCA") based on its determination that Movant's Texas burglary conviction did not qualify as a violent felony. Crim. Doc. 42. Movant appealed to the Fifth Circuit Court of Appeals, and the Government filed a cross-appeal. On January 14, 2020, the Fifth Circuit granted the Government's unopposed motion to vacate sentence and remand for resentencing pursuant to *United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc), which held that a burglary

**Memorandum Opinion and Order – Page 1**

conviction under Texas Penal Code § 30.02(a)(3) qualifies as a predicate offense under the ACCA. Crim. Doc. 56. On May 9, 2022, a resentencing hearing was held, and the court sentenced Movant to 183 months and twenty-four days, an enhanced penalty under the ACCA. Crim. Doc. 92. Movant did not appeal.

On July 31, 2023, Movant filed a Motion to Dismiss, which alleged that his conviction under § 922(g)(1) was unconstitutional under the Second Amendment, relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Crim. Doc. 94. Movant also filed a Motion to Appoint Counsel. Doc. 95. The court denied both Motions. Liberally construing the Motion to Dismiss as a motion for new trial, the court found that Movant was not entitled to relief because he did not have a trial, and his motion was not timely filed under Rule 33 of the Federal Rules of Criminal Procedure. Crim. Doc. 98.

On October 29, 2024, Movant filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 2. He alleges that he is "actually innocent" of the ACCA enhancement because "the prior convictions used to enhance [his sentence] under the ACCA [were] in violation of the Fifth and Sixth Amendments." Doc. 2 at 4. Movant contends that the court misapplied the holding in *Wooden v. United States*, 595 U.S. 360 (2022). Doc. 2 at 5, 13-15. He also relies on the recent decision in *Erlinger v. United States*, 602 U.S. 821 (2024), which held that a defendant is entitled under the Fifth and Sixth Amendments to have a jury unanimously determine beyond a reasonable doubt whether his past offenses were committed on separate occasions for ACCA purposes. Doc. 2 at 14-16. Movant requests that the court vacate his sentence and reinstate his original 114-month sentence, without the ACCA enhancement. Doc. 2 at 12.

Because Movant's § 2255 motion appeared untimely, the court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 3; Doc. 4; *see also* Doc. 5 (treating Movant's motion to supplement, Doc. 4, as his response to the order regarding the one-year statute of limitations). Upon review, the court **concludes** that Movant's § 2255 motion is not timely and is **denied** as barred by the applicable limitations period.

## II.     ANALYSIS

A motion under 28 U.S.C. § 2255 is subject to initial review and summary dismissal when appropriate. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

### A.  The § 2255 Motion is Time Barred

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The court may consider the limitations period *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The one-year limitations period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Memorandum Opinion and Order – Page 3**

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2) and (f)(4). The court therefore analyzes the limitations period under §§ 2255(f)(1) and (f)(3).

### 1. Section 2255(f)(1)

Under § 2255(f)(1), Movant's one-year limitations period began to run when his judgment of conviction became final. The Supreme Court has held that a judgment of conviction becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Movant's judgment of conviction became final on May 24, 2022—the last day he could have filed a timely direct appeal from the May 10, 2022, amended judgment. *See* FED. R. APP. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). Calculated from that date, Movant's § 2255 motion was due by May 24, 2023. Movant did not, however, file his § 2255 motion until October 29, 2024—considered filed at the earliest as of October 20, 2024 under the prison mailbox rule.[1] His § 2255 motion is therefore untimely under § 2255(f)(1).

### 2. Section 2255(f)(3)

To overcome the limitations period, Movant relies on § 2255(f)(3) and the U.S. Supreme Court's decisions in *Erlinger v. United States*, 602 U.S. 821 (2024), and *Wooden v. United States*, 595 U.S. 360 (2022). Doc. 4 at 2. He asserts that the rulings in these cases "represent newly

---

[1] Movant dated his § 2255 motion and certified placing it in the prison mailbox on October 20, 2024. Doc. 2 at 12. The envelope marked as "legal" was mailed from his prison unit and postmarked on October 21, 2024. Doc. 2 at 17. The § 2255 motion is thus deemed filed at the earliest on October 20, 2024. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

**Memorandum Opinion and Order – Page 4**

recognized substantive rights" that "align with prior decisions like *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which the courts have consistently applied retroactively to cases involving substantive changes in sentencing laws." Doc. 4 at 2. Movant also asserts that "[f]ailure to apply *Erlinger* and *Wooden* retroactively would perpetuate unconstitutional sentences, violating the principle of fundamental fairness." *Id.* He adds that both rulings "ensure that enhanced sentences under the ACCA are imposed only when constitutionally valid procedures and standards are satisfied." *Id.*

Movant's reliance on § 2255(f)(3) is unavailing. Under that section, § 2255 applicants have "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2255(f)(3)). Section 2255(f)(3) applies only if the right has been (1) "newly recognized" by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Id.* at 358. To decide "whether the Supreme Court initially recognized the asserted right, and thus whether the § 2255(f)(3) clock has been reset," the court must first "determine if a case announces a 'new rule' that may be asserted retroactively on collateral review." *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019) (citations omitted). "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. ...To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" *Id.* at 507 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

*Erlinger* does not extend the limitations period under § 2255(f)(3) because it announced no newly recognized right. *Erlinger* merely clarified that the Fifth and Sixth Amendments of the United States Constitution require a jury to determine whether a defendant committed three violent felonies or serious drug offenses on separate occasions to impose a mandatory minimum sentence under the ACCA. *Erlinger*, 602 U.S. 821, 835. The concepts on which *Erlinger* is premised— that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)," *Id.* at 834 (internal punctuation omitted)—originate from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), which were both well entrenched when Movant pleaded guilty and was resentenced. *See United States v. Casares-Cuevas*, No. 3:12-CR-00038, 2024 WL 4216017, at *2 (D. Nev. Sept. 17, 2024); *Yerkes v. United States*, No. 1:18-CR-38, 2024 WL 3460108, at *2 n.1 (E.D. Tenn. July 17, 2024).

Likewise, the Supreme Court's decision in *Erlinger* did not hold that its decision was retroactively applicable to cases on collateral review. *See Yerkes*, No. 1:18-CR-38, 2024 WL 3460108, at *2 n.1. Movant has cited no case—and the court has found none—holding that any right first recognized in *Erlinger* is retroactively applicable on collateral review. *See Casares-Cuevas*, No. 3:12-CR-38, 2024 WL 4216017, at *2. Movant thus fails to establish that *Erlinger* created a newly recognized and retroactive right that would initiate a new habeas limitations clock under § 2255(f)(3).

Further, *Wooden* does not extend the limitations period under § 2255(f)(3). Like *Erlinger*, the *Wooden* opinion announced no newly recognized right; it merely clarified the meaning of the ACCA "occasions clause." *Wooden*, 595 U.S. 360, 375; *see also Weaver v. United States*, No.

**Memorandum Opinion and Order – Page 6**

8:17-CR-163, 2023 WL 4947937, at *2 (M.D. Fla. Aug. 3, 2023), *certificate of appealability denied*, No. 23-12914, 2024 WL 4102025 (11th Cir. Mar. 25, 2024). Moreover, given that *Wooden* was decided in 2022 and that this court applied *Wooden* during Movant's resentencing in May 2022, Movant cannot raise any plausible claim under § 2255(f)(3) based on *Wooden*. See Crim. Doc. 90-1 at 1-2 (*PSR Fifth Addendum* concludes Movant's burglaries occurred on different days and were not part of a single criminal event or episode as determined in *Wooden*); Crim. Doc. 93 (*Statement of Reasons*) (accepting PSR). Lastly, even if Movant were to rely solely on *Wooden*, his § 2255 Motion is also untimely because he did not file it within one year of the *Wooden* decision. See *Dodd*, 545 U.S. at 357.

In sum, § 2255(f)(3) is inapplicable here. Thus, Movant's § 2255 motion is clearly outside the one-year limitations period absent equitable tolling.

**B. There is No Basis for Equitable Tolling**

Movant posits no facts from which the court can find that equitable tolling applies. Doc. 2; Doc. 4. Even when liberally construed, Movant's pleadings present no argument or fact suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion earlier, and no grounds for equitable tolling are apparent to the court. See *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

Accordingly, Movant cannot carry his burden of establishing that equitable tolling is warranted here. See *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

### C. Actual Innocence does not Apply

Next, Movant asserts that he is actually innocent of the ACCA enhancement. Doc. 2 at 4; Doc. 4-1 at 1-5. He does not present a credible claim, however.

While a claim of actual innocence may provide "a gateway through which a petitioner may pass" after the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare[.]" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual-innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a movant must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Movant presents no newly discovered evidence that would undermine this court's confidence regarding the finding of guilt. Rather, he challenges the ACCA enhancement on the basis of actual innocence. Doc. 2 at 4; Doc. 4-1 at 1-5. "Actual innocence jurisprudence does not apply to habeas claims based on actual innocence of the conduct supporting a sentence." *Dirks v. United States*, No. 3:20-CV-288-L-BK, 2020 WL 7700619, at *3 (N.D. Tex. Nov. 13, 2020) (cleaned up and collecting cases), *rec. adopted*, 2020 WL 7698132, at *1 (N.D. Tex. Dec. 28, 2020).

Consequently, the "actual innocence" exception is inapplicable here, and the § 2255 Motion is time barred.

### III.   CONCLUSION

For all these reasons, Movant's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **denied**, and this action is **dismissed with prejudice** as barred by the one-year statute of limitations.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Movant's Motion to Expedite is **denied** as moot.

**It is so ordered** this 19th day of March, 2025.

Sam A. Lindsay
United States District Judge